```
 1  KAREN P. HEWITT
    United States Attorney
 2  ANNE KRISTINA PERRY
    Assistant U.S. Attorney
 3  California State Bar No. 107440
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-5767

 6
    Attorneys for Plaintiff
 7  United States of America

 8
                         UNITED STATES DISTRICT COURT
 9                      SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,       )   Criminal No. 08CR1728-IEG
                                    )
11               Plaintiff,         )   DATE: July 7, 2008
                                    )   TIME: 2:00 p.m.
12       v.                         )
                                    )   GOVERNMENT'S RESPONSE AND
13  JESUS MANUEL PEREZ (1),         )   OPPOSITION TO DEFENDANT'S
                                    )   MOTIONS TO:
14               Defendant.         )
                                    )   (1) COMPEL FURTHER DISCOVERY
15                                  )       AND PRESERVE EVIDENCE;
                                    )   (2) FILE FURTHER MOTIONS
16                                  )
                                    )   TOGETHER WITH STATEMENT OF FACTS,
17                                  )   MEMORANDUM OF POINTS AND
                                    )   AUTHORITIES, AND GOVERNMENT'S
18  _____)   MOTION FOR RECIPROCAL DISCOVERY
```

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Anne Kristina Perry, Assistant United States Attorney and hereby files its response and opposition to defendant' above-referenced motions. This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.  The Government also hereby files its motion for reciprocal discovery.

**I.**

**STATEMENT OF THE CASE**

On May 28, 2008, a Federal Grand Jury seated in San Diego, California, returned a two-count indictment charging the defendant with importation of cocaine, in violation of Title 21, United States Code, Sections 952 and 960 and possession of cocaine with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1). The Defendant is presently in custody. On June 23, 2008, Defendant filed the above captioned motions. The United States files the following response.

**II.**

**STATEMENT OF FACTS**

On May 14, 2008, at approximately 10:20 a.m., Defendants Jesus Manuel Perez and Jose Gonzalez-Perales entered the United States at the Calexico, California, West Port of Entry. Perez was driving a brown 2000 Chrysler Sebring, and Perales was a passenger in the vehicle. The vehicle was registered in Perez' name, and bore California license plate 6AMX949. At the primary inspection area, the Defendants gave Customs and Border Protection Officer (CBPO) J. Stensgard negative customs declarations. The vehicle was selected for secondary inspection by an automated targeting system, and Perez appeared nervous when CBPO Stensgard told him that the vehicle was being referred to secondary.

At secondary inspection, Perez told CBPO L. Garcia that he owned the vehicle, and that he and Gonzalez were traveling to Calexico to go shopping. CBPO Garcia requested that the two Defendants exit the vehicle, and asked CBPO S. Barela to conduct an inspection of the Sebring using his Narcotics Detector Dog, "Astrix." During the

inspection, CBPO Garcia noted that both defendants acted nervous and that their hands were shaking. Astrix entered the vehicle and alerted to the backseat rest portion of the vehicle's interior. The Defendants were immediately handcuffed. Further inspection of the vehicle by CBPO Garcia revealed 20 packages concealed in a non-factory compartment behind the backseat. The packages were wrapped in clear cellophane with tan-colored packing tape. A probe of the packages produced a white powdery substance, which field-tested positive for cocaine. The 20 packages had a combined net weight of approximately 22.60 kilograms (49.72 pounds).

Perez and Gonzalez were each placed under arrest and each were separately advised of their Miranda Rights. During each interview, both Perez and Gonzalez acknowledged their rights, waived their rights, and agreed to answer questions. During the Perez interview, Perez stated to Immigration and Customs Enforcement Agent Dotson that he thought that the vehicle contained 20 kilograms of marijuana. Perez stated that he was to be paid $1,500.00 to take the vehicle to the "hotel near the carwash" in Calexico, Ca. Perez and Gonzalez are friends and they spend time together. Perez stated that Gonzalez called him the day before to arrange a ride to Gonzalez' Probation Officer's house in El Centro, Ca. Perez picked Gonzalez up from Gonzalez' girlfriend's house on the morning of May 14, 2008.

During the Gonzalez interview, Gonzalez denied knowledge of any illegal substance in the vehicle. He stated that he had never seen the vehicle before May 14, 2008. Gonzalez stated that he and Perez are roommates and that they don't see each other very much. He claimed that they happened to meet each other as Gonzalez was going

to the bus station in order to see his Probation Officer, and that Perez offered Gonzalez a ride instead.

### III.

### POINTS AND AUTHORITIES

**A. DEFENDANT'S DISCOVERY MOTION**

The Defendant has received 125 pages of discovery in this case. The following responds to the defendant's specific requests:

1. The Defendant's Statements

The Government has produced arrest reports disclosing the substance of all oral and written statements of the Defendants. The Government will continue to produce discovery related to Defendants' statements made in response to questions by Government agents. The Government notes that Defendants were advised of their Miranda rights, and Defendants subsequently waived those rights. The Government has already turned over the law enforcement reports containing the substance of Defendants' pre-and post-arrest statements.

2. Arrest Reports, Notes and Dispatch Tapes

The Government has provided the Defendant with arrest reports. Relevant oral statements of Defendant are included in the reports already provided. Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they compromise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992); United States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932 (9th Cir. 1981).

3. <u>Brady Material</u>

The Government will comply with its obligation under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

4. <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>

The Government will comply with its obligation under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

5. <u>The Defendant's Prior Record</u>

It is not believed that the Defendant has a prior criminal history. If one exists, it will be provided as part of discovery.

6. <u>404(b) Evidence</u>

The Government will provide the defendant with notice and any 404(b) evidence.

7. <u>Evidence Seized</u>

The Government will preserve all evidence to which defendant is entitled to pursuant to the relevant discovery rules.

8. <u>Preservation of Evidence</u>

The Government will preserve all evidence to which defendant is entitled pursuant to the relevant discovery rules.

9. <u>*Henthorn* Materials</u>

The United States has complied and will continue to comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) by requesting that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. <u>See</u> <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992)). If

the materiality of incriminating information in the personnel files is in doubt, the information will be submitted to the Court for an <u>in camera</u> inspection and review.

Defendant's request that the specific prosecutor in this case review the personnel files is unwarranted and unnecessary. <u>Henthorn</u> expressly provides that it is the "government," not the prosecutor, which must review the personnel files. <u>Henthorn</u>, 931 F.2d at 30-31. Accordingly, the United States will utilize its typical practice for review of these files, which involves requesting designated representatives of the relevant agencies to conduct the reviews. The United States opposes the request for an order that the prosecutor personally review the personnel files.

10. <u>Tangible Objects</u>

The Government will provide copies of and/or an opportunity to inspect all documents and tangible things material to the defense, intended for use in the Government's case in chief, or seized from Defendant.

The Government will try to preserve all evidence to which Defendant is entitled, but objects to any global request for preservation of all evidence as contrary to <u>Arizona v. Youngblood</u>, 488 U.S. 51, 57 (1988) (improper and unwise to impose on the government "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution"). As to any seized contraband, Defendant is placed on notice that secured storage limitations generally require that all but the test sample of contraband be destroyed 60 days after seizure.

11. <u>Expert Witness</u>

The Government will comply with its obligation under F.C.R.P. 16(a)(1)(D).

12. <u>Impeachment Evidence</u>

The Government will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972). The Government will also provide the criminal history and prior <u>material</u> acts of misconduct, if any, of its trial witnesses as mandated in <u>Giglio</u>. In addition, the Government will disclose all impeachment material, if any, when it files its trial memorandum, although it is not required to produce such material until after its witnesses have testified at trial. <u>United States v. Bramble</u>, 103 F.3d 1475 (9th Cir.1996).

13. <u>Evidence of Criminal Investigation of Any Government Witness</u>

The Government will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

14. <u>Evidence of Bias</u>

The Government also agrees to provide information related to the bias, prejudice or other motivation of Government trial witnesses as required in <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

15. <u>Evidence Affecting Perception and Recollection</u>

The Government will provide the defendant with evidence pertaining to potential impairment of any witness's ability to perceive, remember, communicate, or tell the truth as the existence of such evidence is made known and available.

16. <u>List and Addresses of Witnesses</u>

The Government will provide defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such list is not required. See <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir.1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir.1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir.1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See <u>United States v.Hicks</u>, 103 F.3d 837, 841 (9th Cir.1996); <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir.1977), <u>cert. denied</u>, 419 U.S. 834 (1974). The defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him.

17. <u>Names of Witnesses Favorable to Defendant</u>

The Government is not aware of any witness who made a favorable statement concerning defendant. The Government will provide defendant the name of any such witness should it become known.

18. <u>Statements Relevant to the Defense</u>

The Government will perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

19. <u>Jencks Act Material</u>

The Government will comply with its obligation pursuant to the Jencks Act.

20. <u>Giglio Information</u>

The Government will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

21. <u>Agreements Between the Government and Witnesses</u>

To date there are no agreements between the Government and any of its witnesses.

22. <u>Informants and Cooperating Witnesses</u>

To date there are no agreements between the Government and any of its witnesses.

23. <u>Bias by Informants or Cooperating Witnesses</u>

The Government will comply with <u>Giglio v. United States</u>, 405 U.S. 150 (1972). It must be noted that this case is a "border bust" which did not utilize the services of informants.

24. <u>Personnel Records of Government Officers Involved in Arrest</u>

The United States has complied and will continue to comply with <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) by requesting that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. <u>See</u> <u>United States v. Booth</u>, 309 F.3d 566, 574 (9th Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the materiality of incriminating information in the personnel files is in doubt, the information will be submitted to the Court for an <u>in camera</u> inspection and review.

25. <u>Training of Relevant Law Enforcement Officers</u>

The Government will comply with its obligations under <u>Brady</u>.

26. <u>Performance Goals and Policy Awards</u>

Absent some indication that the defendants' arrests were somehow related to an arrest quota, this is a wholly irrelevant request, not

9

required under Brady or by Rule 16 of the Federal Rules of Criminal Procedure.

    27.   <u>Opportunity to Weigh, View, and Photograph Contraband</u>

As stated previously, the United States has, and will continue to comply with Fed. R. Crim. P. 16(a)(1)(C)in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or is intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant. To this end, the United States has requested that the drugs in this case be preserved pending order of the Court or resolution of this case, whichever is soonest.

    28.   <u>DEA-7 Form</u>

The United States will provide Defendant with the results of the Drug Enforcement Administration laboratory tests on the marijuana seized in this case pursuant to Fed. R. Crim. P. 16(F).

    29.   <u>TECS Reports</u>

The United States objects to providing Defendant with complete vehicle and pedestrian crossing reports from the Treasury Enforcement Communications System ("TECS"). TECS reports are not subject to Fed. R. Crim. P. 16(c) because the reports are neither material to the preparation of the defense, nor intended for use by the United States as evidence during its case-in-chief. The TECS reports are not Brady material because the TECS reports do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment. If the United States intends to introduce TECS information at trial, discovery of the relevant TECS

1  reports will be made at least by the time of the filing of its trial
2  memorandum.
3      30.  <u>Scientific and Other Information</u>
4      The United States will provide Defendant with any scientific
5  tests or examinations, in accordance with Fed. R. Crim. P.
6  16(a)(1)(F).
7      31.  <u>Narcotics Detector Dog Information</u>
8      The United States strongly objects to providing Defendant with
9  Narcotic Detector Dog information. Defendant cites no legal ground
10 for this request. The interior and exterior of Defendant's vehicle
11 was sniffed in the secondary inspection area at the border, where no
12 probable cause or even a reasonable articulable suspicion is needed
13 to conduct a routine search. <u>United States v. Montoya de Hernandez</u>,
14 473 U.S. 531, 538 (1985); <u>United States v. Vargas-Castillo</u>, 329 F3d
15 715, 722 (9th Cir. 2003). Thus, none of the information Defendant
16 requests is relevant or discoverable.
17     32.  <u>Residual Request</u>
18     The Government will comply will all rules of discovery.
19  **B.   MOTION FOR LEAVE TO FILE FURTHER MOTIONS**
20     Defendant moves for leave to file "further motions." The
21 Government has no opposition to this request given that reports are
22 pending.

**IV.**

**THE GOVERNMENT'S MOTION FOR RECIPROCAL
DISCOVERY SHOULD BE GRANTED**

25     The Government moves for all discovery to which it is entitled
26 under Fed. R. Crim. P. 16(b) and 26.2.

**V.**

**CONCLUSION**

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery be granted.

DATED:   June 30, 2008.

                                 Respectfully submitted,

                                 KAREN P. HEWITT
                                 United States Attorney

                               s/Anne Kristina Perry
                               ANNE KRISTINA PERRY
                               Assistant U.S. Attorney
                               anne.perry2@usdoj.gov

|||
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR1728IEG |
| Plaintiff, ) | |
| v. ) | |
| ) | CERTIFICATE OF SERVICE |
| JESUS MANUEL PEREZ (1), ) | |
| Defendant. ) | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

I, ANNE KRISTINA PERRY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Elizabeth Barros, Esq.**
Email: elizabeth_barros@fd.org

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 30, 2008.

s/Anne Kristina Perry
ANNE KRISTINA PERRY