1  **ELIZABETH M. BARROS**
   California State Bar No. 227629
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California  92101-5030
   Telephone:  (619) 234-8467

4

5  Attorneys for Mr. Perez

6

7

8                     UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                   **(HONORABLE IRMA E. GONZALEZ)**

11 UNITED STATES OF AMERICA,              )    CASE NO.  08CR1728-IEG
                                          )
12            Plaintiff,                   )    DATE: September 15, 2008
                                          )    TIME:  2:00 p.m.
13 v.                                      )
                                          )    NOTICE OF MOTIONS AND MOTIONS TO:
14 JESUS MANUEL PEREZ,                     )
                                          )    (1)  SUPPRESS STATEMENTS; AND
15            Defendant.                   )    (2)  GRANT  LEAVE  TO  FILE  FURTHER
                                          )         MOTIONS
16                                         )    _____
                                          )
17 _____)

18 TO:     KAREN P.  HEWITT, UNITED STATES ATTORNEY, AND
           ANNE K. PERRY, ASSISTANT UNITED STATES ATTORNEY:
19

20         PLEASE TAKE NOTICE that on Monday, September 15, 2008, at 2:00 p.m., or as soon thereafter

21 as counsel may be heard, defendant, Jesus Manuel Perez, by and through his attorneys, Elizabeth M. Barros

22 and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

23 //

24 //

25 //

26 //

27 //

28 //

## MOTIONS

Defendant, Jesus Manuel Perez, by and through his attorneys, Elizabeth M. Barros and Federal Defenders of San Diego, Inc., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1)    Suppress Statements; and
(2)    Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

   /s/ Elizabeth M. Barros
**ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Perez

Dated:  August 15, 2008

1   **ELIZABETH M. BARROS**
    California State Bar No. 227629
2   **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
    225 Broadway, Suite 900
3   San Diego, California  92101-5030
    Telephone:  (619) 234-8467
4

5   Attorneys for Mr. Perez

6

7

8                   UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10             **(HONORABLE IRMA E. GONZALEZ)**

11   UNITED STATES OF AMERICA,     )   CASE NO.  08CR1728-IEG
                                   )
12                              )
              Plaintiff,         )   DATE: September 15, 2008
13                              )   TIME:  2:00 p.m.
  v.                          )
14                              )   MEMORANDUM OF POINTS AND
  JESUS MANUEL PEREZ,            )   AUTHORITIES IN SUPPORT OF
15                              )   DEFENDANT'S MOTIONS
                             )
16                              )
             Defendant.       )
17                              )
18   _____ )

19                        **I.**

20              **STATEMENT OF FACTS**[1]

21       On May 14, 2008, Jesus Manuel Perez (hereinafter "Mr. Perez") was arrested after inspectors found

22   a drugs hidden in the vehicle Mr. Perez was driving.

23       On or about May 15, 2008, a complaint was filed against Mr. Perez and he was arraigned in court.

24   On or about Ma y 23, 2008, Mr. Perez was indicted by the Grand Jury.  The indictment charges him with one

25   count of importation of approximately 22 kilograms of cocaine in violation of 21 U.S.C. §§ 952 and 960 and

26

27   _____

28        [1]  This statement of facts is taken from the criminal complaint, indictment and discovery
  provided by the government.  Mr. Perez does not adopt these facts and reserves the right to
  challenge these facts at any future proceeding.

1  18 U.S.C. § 2, and one count of possession with intent to distribute approximately 22 kilograms of cocaine

2  in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

3       During Mr. Perez's post-arrest interrogation, the officers implicitly promise Mr. Perez leniency if

4  he agrees to speak with him and suggest that he does not have any other choice but to give up his rights.  For

5  example, they tell him that they have looked at the vehicle and have talked to the officer involved and have

6  reviewed their reports and that it is in Mr. Perez's best interest to give his side of the story.  He is then told:

7  "If you want your side of the story included in his report, then you sign here." Mr. Perez is further instructed:

8  "With these rights in mind, you sign this and you speak to them."   He is also told that the agent already has

9  all the facts, so it is very important that he tell the truth and that he needs to keep in mind that the agent has

10  the file and looked everything up.

11       As noted above, Mr. Perez is instructed to sign a form.  The form he is asked to sign contains a

12  provision indicating that Mr. Perez is waiving his rights.   The waiver language on the particular form used

13  in this case differs in significant ways from another form that is often used by agents in this district.  The form

14  used here states only that the defendant, Mr. Perez, was not promised "compensation or immunity."  It does

15  not say that Mr. Perez was not made any promises.  In fact, Mr. Perez was implicitly promised leniency.

16                                             **II.**

17  **THE COURT SHOULD SUPPRESS ANY STATEMENTS MADE BY MR. PEREZ BECAUSE THEY**
   **WERE OBTAINED IN VIOLATION OF THE FIFTH AMENDMENT.**
18

19  **A.      The Government Must Demonstrate Compliance With _Miranda_.**

20        **1.  _Miranda_ Warnings Must Precede Custodial Interrogation.**

21       The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a

22  custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to

23  secure the privilege against self-incrimination.  Miranda v. Arizona, 384 U.S. 436, 444 (1966).[2]  Custodial

24  interrogation is questioning initiated by law enforcement officers after a person has been taken into custody

25

26  ─────────────

27       [2] In Dickerson v. United States, 530 U.S. 428 (2000), the Supreme Court held that

28  Miranda rights are no longer merely prophylactic, but are of constitutional dimension.  Id. at
   2336 ("we conclude that Miranda announced a constitutional rule").

1  or otherwise deprived of his freedom of action in any significant way.  Id.  See Orozco v. Texas, 394 U.S. 324,

2  327 (1969).

3         Once a person is in custody, Miranda warnings must be given prior to any interrogation.  See

4  United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980).  Those warnings must advise the

5  defendant of each of his or her "critical" rights.  United States v. Bland, 908 F.2d 471, 474 (9th Cir. 1990).

6  "In order for the warning to be valid, the combination or the wording of its warnings cannot be affirmatively

7  misleading."  United States v. San Juan Cruz, 314 F.3d 384, 387 (9th Cir. 2003) (citing United States v.

8  Connell, 869 F.2d 1349, 1352 (9th Cir. 1989)).   "The warning must be clear and not susceptible to

9  equivocation."  Id.  See also id. at 389-90 (vacating illegal entry conviction where defendant was advised of

10 his administrative rights from an I-826 form and later advised of his Miranda rights).  If a defendant indicates

11 that he wishes to remain silent or requests counsel, the interrogation must cease.  Miranda, 384 U.S. at 474.

12 See also Edwards v. Arizona, 451 U.S. 484 (1981).

13       **2.**    **The Warnings Provided Here Were Deficient.**

14        Here, Mr. Perez was provided with a deficient Miranda warning that precluded any valid waiver of

15 his Miranda rights.  Specifically, the agents' statements suggested that Mr. Perez had to choose between

16 making a statement, which would benefit him, and having a lawyer present.

17        San Juan Cruz makes clear that the right to appointed counsel cannot be conveyed in a confusing

18 manner.  See 314 F.3d at 388 ("Requiring someone to sort out such confusion is an unfair burden to impose

19 on an individual already placed in a situation that is inherently stressful.").  Accord Perez-Lopez, 348 F.3d

20 at 848.  Here, the warning given by the agents was confusing because it suggested that he had to choose

21 between having a lawyer and providing his version of the events.  Thus, the warning is defective.

22       **3.**    **The Government Must Demonstrate That Any Alleged Waiver of Mr. Perez's Rights**
23              **Was Voluntary, Knowing, and Intelligent.**

24        When interrogation occurs without the presence of an attorney and a statement is taken, a heavy

25 burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived his

26 privilege against self-incrimination and his right to retained or appointed counsel.  Miranda, 384 U.S. at 475.

27 It is undisputed that, to be effective, a waiver of the right to remain silent and the right to counsel must be

28 made knowingly, intelligently, and voluntarily.  Schneckloth v. Bustamonte, 412 U.S. 218 (1973).  The

1  standard of proof for a waiver of these constitutional rights is high.  <u>Miranda</u>, 384 U.S. at 475.  <u>See</u> <u>United</u>

2  <u>States v. Heldt</u>, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must

3  indulge every reasonable presumption against waiver of fundamental constitutional rights).

4          The validity of the waiver depends upon the particular facts and circumstances surrounding the case,

5  including the background, experience, and conduct of the accused.  <u>Edwards</u>, 451 U.S. at 472; <u>Johnson v.</u>

6  <u>Zerbst</u>, 304 U.S. 458, 464 (1983).  <u>See also</u> <u>Heldt</u>, 745 F.2d at 1277; <u>United States v. McCrary</u>, 643 F.2d 323,

7  328-29 (9th Cir. 1981). In <u>Derrick v. Peterson</u>, 924 F.2d 813 (9th Cir. 1990), the Ninth Circuit confirmed that

8  the issue of the validity of a <u>Miranda</u> waiver requires a two prong analysis:  the waiver must be both (1)

9  voluntary, and (2) knowing and intelligent.  <u>Id.</u> at 820.  The voluntariness prong of this analysis "s equivalent

10  to the voluntariness inquiry under the [Fifth] Amendment . . . ." <u>Id.</u>

11          The second prong, however, requiring that the waiver be "knowing and intelligent," mandates an

12  inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being

13  abandoned and the consequences of the decision to abandon it." <u>Id.</u> at 820-21 (quoting <u>Colorado v. Spring</u>,

14  479 U.S. 564, 573 (1987)).  This inquiry requires that the court determine whether "he requisite level of

15  comprehension" existed before the purported waiver may be upheld.  <u>Id.</u>  Thus, "o]nly if the 'totality of the

16  circumstances surrounding the interrogation' reveal <u>both</u> an uncoerced choice <u>and</u> the requisite level of

17  comprehension may a court properly conclude that the <u>Miranda</u> rights have been waived." <u>Id.</u> (quoting

18  <u>Colorado v. Spring</u>, 479 U.S. at 573) (emphasis in original) (citations omitted)).  To satisfy this burden, the

19  prosecution must introduce evidence sufficient to establish "that under the 'totality of the circumstances,' the

20  defendant was aware of 'the nature of the right being abandoned and the consequences of the decision to

21  abandon it." <u>United States v. Garibay</u>, 143 F.3d 534, 536 (9th Cir. 1998) (quoting <u>Moran v. Burbine</u>, 475 U.S.

22  412, 421 (1986)).

23          The Government bears the burden of demonstrating a <u>Miranda</u> waiver by clear and convincing

24  evidence.  <u>See</u> <u>Schell v. Witek</u>, 218 F.3d 1017 (9th Cir. 2000) (en banc) (constitutional rights may ordinarily

25  be waived only if it can be established by clear and convincing evidence that the waiver is voluntary, knowing,

26  and intelligent) (citations omitted).  Moreover, this Court must "indulge every reasonable presumption against

27  waiver of fundamental constitutional rights." <u>Id.</u> (citations omitted).  Unless and until the prosecution meets

28  its burden of demonstrating through evidence that adequate <u>Miranda</u> warnings were given and that the

1  defendant knowingly and intelligently waived his rights, no evidence obtained as result of the interrogation

2  can be used against the defendant.  <u>Miranda</u>, 384 U.S. at 479.

3       Here, Mr. Perez's choice to waive his <u>Miranda</u> rights was not knowing and intelligent because of the

4  confusing statements by the agents which suggested to Mr. Perez that he did not have the right to have an

5  attorney present during the interrogation.  Furthermore, Mr. Perez's decision to waive his rights was coerced

6  by the agents' promises of leniency.  <u>Hutto v. Ross</u>, 429 U.S. 28, 30 (1976) ("The test is whether the

7  confession was 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises,

8  however slight, [or] by the exertion of any improper influence.'") (citations omitted).  Thus, his statements

9  must be suppressed.

10 **B.      <u>Any Statements by Mr. Perez Were Involuntary.</u>**

11      Even when the procedural safeguards of <u>Miranda</u> have been satisfied, a defendant in a criminal case

12 is deprived of due process of law if the conviction is founded upon an involuntary confession.  <u>Arizona v.</u>

13 <u>Fulminante</u>, 499 U.S. 279 (1991); <u>Jackson v. Denno</u>, 378 U.S. 368, 387 (1964).  <u>See also</u> 18 U.S.C. § 3501.

14 The government bears the burden of proving by a preponderance of the evidence that a confession is

15 voluntary.  <u>Lego v. Twomey</u>, 404 U.S. 477, 483 (1972).

16      In order to be voluntary, a statement must be the product of a rational intellect and free will.

17 <u>Blackburn v. Alabama</u>, 361 U.S. 199, 208 (1960).  In determining whether a defendant's will was overborne

18 in a particular case, the totality of the circumstances must be considered.  <u>Schneckloth v. Bustamonte</u>, 412

19 U.S. 218, 226 (1973).  A confession is deemed involuntary whether coerced by physical intimidation or

20 psychological pressure.  <u>Townsend v. Sain</u>, 372 U.S. 293, 307 (1962).  "The test is whether the confession

21 was 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however

22 slight, [or] by the exertion of any improper influence.'"  <u>Hutto</u>, 429 U.S. at 30 (1976).  "Subtle coercion

23 suffices as well, and at times more effectively, to overbear 'a rational intellect and free will."  <u>United States</u>

24 <u>v. Tingle</u>, 658 F.2d 1332, 1335 (9th Cir. 1981).

25      The interrogation in this case speaks for itself.  Here, the officers made numerous statements which

26 cumulatively undermined Mr. Perez's rational intellect and free will.  The officers urged Mr. Perez to speak

27 with them, emphasizing that it would be in his "best interest."  They directed him to sign the waiver form and

28 told him that it was very important for him to tell the truth because they already had all the information.  The

1 overall impression was that Mr. Perez could give his side of the story *or* have an attorney.  Mr. Perez agreed

2 to give his side of the story, thus, the ensuing confession was given without the assistance of counsel.

3       In short, Mr. Perez's post-arrest statements must be suppressed as involuntary.  Moreover, until the

4 government meets its burden of showing <u>all</u> statements it intends to use at trial were voluntary---even those

5 taken before Mr. Perez was in "custody"-- all statements must also be suppressed.

6 **C.**    **<u>Mr. Perez Requests That This Court Conduct An Evidentiary Hearing</u>.**

7       This Court must make a factual determination as to whether a confession was voluntarily given prior

8 to its admission into evidence.  18 U.S.C. § 3501(a).  Where a factual determination is required, courts are

9 obligated by Fed. R. Crim. P. 12 to make factual findings.  <u>See</u> <u>United States v. Prieto-Villa</u>, 910 F.2d 601,

10 606-10 (9th Cir. 1990).  Because "'suppression hearings are often as important as the trial itself,'" <u>id.</u> at 609-

11 10 (quoting <u>Waller v. Georgia</u>, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not

12 merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.

13       Under section 3501(b), this Court must consider various enumerated factors in making the

14 voluntariness determination, including whether the defendant was without the assistance of counsel when

15 questioned.  Although Mr. Perez contends that the recording[3] of the interrogation establishes that his post-

16 arrest statements were involuntary, Mr. Perez requests that this Court conduct an evidentiary hearing pursuant

17 to 18 U.S.C. § 3501(a), to determine, outside the presence of the jury, whether any other statements made by

18 him were voluntary.  Moreover, should this Court disagree with Mr. Perez's evaluation of the transcript, he

19 respectfully requests a full evidentiary hearing to determine the voluntariness of his post-arrest statements as

20 well.

21 **III.**

22 **<u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>**

23       Mr. Perez requests leave to file further motions as necessary upon review of discovery.

24

25

26

27 _____

28     [3] Mr. Perez is in the process of having the recording transcribed and translated and will submit it to this Court as soon as it is available.

**IV.**

**<u>CONCLUSION</u>**

For the foregoing reasons, Mr. Perez respectfully requests that the Court grant the above motions.


Respectfully submitted,


  /s/ Elizabeth M. Barros

Dated:  August 15, 2008        **ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Perez

**ELIZABETH M. BARROS**
California State Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: elizabeth_barros@fd.org

Attorneys for Jesus Manuel Perez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE IRMA E. GONZALEZ)**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR1728-IEG-01 |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| JESUS MANUEL PEREZ, | |
| Defendant. | |

Counsel for Defendant certifies that a copy of the foregoing document has been served this day upon:

Jack J. Boltax
jbefile@gmail.com,jboltaxlaw@gmail.com; and

Anne Kristina Perry
Anne.Perry2@usdoj.gov,Cindy.Muncy@usdoj.gov,efile.dkt.gc1@usdoj.gov

Respectfully submitted,

DATED:    August 15, 2008          _/s/ Elizabeth M. Barros_
**ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Jesus Manuel Perez