1  KAREN P. HEWITT
   United States Attorney
2  ANNE KRISTINA PERRY
   Assistant U.S. Attorney
3  Federal Office Building
   California State Bar No. 107440
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5767

6

7  Attorneys for Plaintiff
   United States of America

8
                        UNITED STATES DISTRICT COURT
9                      SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,   )   Criminal No. 08CR1728-IEG
                               )
11              Plaintiff,     )   DATE: September 15, 2008
                               )   TIME: 2:00 pm
12      v.                     )
                               )   GOVERNMENT'S RESPONSE AND
13 JESUS MANUEL PEREZ (1),     )   OPPOSITION TO DEFENDANT'S
                               )   MOTIONS IN LIMINE TO:
14              Defendant.     )
                               )   (1)  EXCLUDE 404(B) OR 609
15                             )        EVIDENCE;
                               )   (2)  EXCLUDE STATEMENTS BY
16                             )        CO-DEFENDANT;
                               )   (3)  EXCLUDE TESTIMONY REGARDING
17                             )        DEMEANOR OR SILENCE;
                               )   (4)  EXCLUDE EXPERT TESTIMONY,;
18                             )   (5)  EXCLUDE EXPERT TESTIMONY
                               )        ABOUT STREET VALUE OF COCAINE;
19                             )   (6)  EXCLUDE EXPERT TESTIMONY
                               )        ABOUT STRUCTURE OF DRUG
20                             )        ORGANIZATIONS;
                               )   (7)  EXCLUDE ACTUAL BRICKS OF
21                             )        COCAINE FROM COURTROOM;
                               )   (8)  PREVENT COPY OF INDICTMENT
22                             )        FROM GOING INTO JURY
                               )        DELIBERATION ROOM;
23                             )   (9)  PRECLUDE EVIDENCE OF MUG
                               )        SHOT PHOTOS OR DEFENDANT'S
24                             )        APPEARANCE AT THE TIME OF
                               )        ARREST;
25                             )   (10) PRODUCE GRAND JURY TRANSCRIPT;
                               )   (11) PROVIDE SEPARATE COPY OF JURY
26                             )        INSTRUCTIONS FOR EACH JUROR
                               )        DURING DELIBERATIONS; AND
27                             )   (12) ALLOW ATTORNEY-CONDUCTED VOIR
                               )        DIRE
28                             )
                               )   TOGETHER WITH STATEMENT OF FACTS
                               )   AND MEMORANDUM OF POINTS AND
   _____)   AUTHORITIES

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Anne Kristina Perry, Assistant United States Attorney and hereby files its response and opposition to defendant's above-referenced motions. This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

### I.

### STATEMENT OF THE CASE

On May 28, 2008, a Federal Grand Jury seated in San Diego, California, returned a two-count indictment charging the defendant with importation of cocaine in violation of Title 21, United States Code, Sections 952 and 960, and possession of cocaine with intent to distribute in violation of Title 21, United States Code, Section 841(a)(1). The defendant is presently in custody. On August 29, 2008, defendant Jesus Manuel Perez filed the above captioned motions. The United States files the following response.

### II.

### STATEMENT OF FACTS

On May 14, 2008, at approximately 10:20 a.m., defendants Jesus Manuel Perez and Jose Gonzalez-Perales entered the United States at the Calexico, California, West Port of Entry. Perez was driving a brown 2000 Chrysler Sebring, and Gonzalez was a passenger in the vehicle. The vehicle was registered in Perez's name, and bore California license plate 6AMX949. At the primary inspection area, the Defendants gave Customs and Border Protection Officer (CBPO) J. Stensgard negative customs declarations. The vehicle was selected for secondary inspection by an automated targeting system, and Perez

appeared nervous when CBPO Stensgard told him that the vehicle was being referred to secondary.

At secondary inspection, Perez told CBPO L. Garcia that he owned the vehicle, and that he and Gonzalez were traveling to Calexico to go shopping. CBPO Garcia requested that the two defendants exit the vehicle and asked CBPO S. Barela to conduct an inspection of the Sebring using his Narcotics Detector Dog, "Astrix." During the inspection, CBPO Garcia noted that both defendants acted nervous and that their hands were shaking. Astrix entered the vehicle and alerted to the backseat rest portion of the vehicle's interior. The defendants were immediately handcuffed. Further inspection of the vehicle by CBPO Garcia revealed 20 packages concealed in a non-factory compartment behind the backseat. The packages were wrapped in clear cellophane with tan-colored packing tape. A probe of the packages produced a white powdery substance, which field-tested positive for cocaine. The 20 packages had a combined net weight of approximately 22.60 kilograms (49.72 pounds).

Perez and Gonzalez were each placed under arrest and each were separately advised of their Miranda Rights. During each interview, both Perez and Gonzalez acknowledged their rights, waived their rights, and agreed to answer questions. During the Perez interview, Perez stated to Immigration and Customs Enforcement Agent Dotson that he thought that the vehicle contained 20 kilograms of marijuana. Perez stated that he was to be paid $1,500.00 to take the vehicle to the "hotel near the carwash" in Calexico, California. Perez and Gonzalez are friends, and they spend time together. Perez stated that Gonzalez called him the day before to arrange a ride to Gonzalez's

Probation Officer's house in El Centro, CA.  Perez picked Gonzalez up from Gonzalez's girlfriend's house on the morning of May 14, 2008.

During the Gonzalez interview, Gonzalez denied knowledge of any illegal substance in the vehicle.  He stated that he had never seen the vehicle before May 14, 2008.  Gonzalez stated that he and Perez are roommates and that they don't see each other very much.  He claimed that they happened to meet each other as Gonzalez was going to the bus station in order to see his Probation Officer, and that Perez offered Gonzalez a ride instead.

### III.

### POINTS AND AUTHORITIES

**A.   DEFENDANT'S PRIOR CONVICTION IS ADMISSIBLE PURSUANT TO FED. R. EVID. 404 AND 609**

This defendant is still on supervised release for a prior marijuana smuggling event.  As set forth in the United States' Motions in Limine, the prior event is admissible for impeachment, but more importantly as "other acts" evidence pursuant to Fed. R. Evid. 609. It must be noted that full discovery regarding the earlier case has been provided for the defendant's review.  The United States would also draw this court's attention to a recent relevant, albeit unpublished decision by the Ninth Circuit in this regard, <u>United States v. Pilgrim</u>, 270 Fed. Appx. 662 (9th Cir. 2008), wherein the Court upheld the decision of one of the district judges in this District to admit evidence of prior marijuana smuggling in an importation of cocaine case.  For these reasons, and for the reasons set forth in the Government's Motions in Limine, evidence regarding the defendant's prior drug importation should be admitted in the Government's case-in-chief.

**B.   THE MOTION TO EXCLUDE STATEMENTS BY THE
     CO-DEFENDANT SHOULD BE DENIED**

The various pleadings in this case have described the nature of co-defendant Gonzalez-Perales' statements to interviewing officers. He denied having any knowledge of the cocaine in the vehicle, and provided no information as to whether this defendant had such knowledge. As such, the co-defendant's statement does not rise to the level of a severance-warranting statement as seen in <u>Bruton v. United States</u>, 391 U.S. 123 (1968). In <u>Bruton</u>, as in many cases where severance of cases are sought, the co-defendant's statement about Bruton was inculpatory. Gonzalez-Perales' statement was not. In an abundance of caution, the United States is willing to provide testifying witnesses with any instructions of the Court's choosing with regard to any evidence about either defendant's statements.

**C.   THE MOTION TO EXCLUDE DEMEANOR EVIDENCE SHOULD BE DENIED**

It is highly likely that a CBP officer may testify that he observed some nervousness on the part of this defendant. Contrary to the defendant's assertions in his pleadings, this evidence is admissible. <u>United States v. Velarde-Gomez</u>, 269 F.3d 1023, 1030 (9th Cir. 2001). There are likely to be no comments on his silence, as this defendant was not silent.

**D.   THE MOTION TO EXCLUDE EXPERT TESTIMONY MUST BE DENIED**

As these motions and responses are being written, it is still a month before trial. The defendant has moved to exclude any expert testimony because the government previously advised that discovery was "complete" in this matter. More accurately, the United States continues to recognize its discovery obligations. There will be two experts testifying in this case, possibly three depending on how the testimony proceeds. Certainly, there will be an analyst from the DEA

lab to testify that the substance seized from the vehicle Perez drove was cocaine. Each defendant received the drug analysis in open court at the last session. The CV and analysis of the chemist will be provided forthwith.

The United States intends to call an experienced agent to testify regarding drug values and the structure of drug organizations in accordance with Ninth Circuit precedent. Curriculum vitae for these agents will be provided two weeks before trial. For the reasons set forth in its motions in limine, the United States requests that the defendant's motions to preclude expert testimony be denied.

**E. THE COURT SHOULD ADMIT TESTIMONY REGARDING THE STREET VALUE OF THE COCAINE**

Evidence of the street value of drugs is admissible to demonstrate a defendant's knowledge and intent. United States v. Campos, 217 F.3d 707 (9th Cir. 2000). For this reason, and for the reasons set forth in its Motions in Limine, the United States requests that the motion to preclude such testimony be denied.

**F. THE COURT SHOULD ADMIT TESTIMONY ABOUT THE STRUCTURE OF DRUG ORGANIZATIONS**

The United States repeats and realleges its arguments from its Motions in Limine in urging the Court to allow such testimony.

**G. THE COURT SHOULD ALLOW THE ACTUAL BRICKS OF COCAINE TO BE DISPLAYED TO THE JURY**

It has been argued that the presentation of the bricks of cocaine in this case will "inflame the passions of the jury." That is an overstatement at best, and the bricks are actual evidence in this case.

The Government intends to bring the bulk cocaine into the courtroom. The jury is entitled to observe and see for themselves the packages the Government contends contain cocaine. The cocaine is the

very essence of the crimes charged in the indictment. The presence of the cocaine is not overly prejudicial under Rule 403 as the jury will hear about the weight charged in the indictment, through witness testimony, and in the jury instructions. Furthermore, the weight and its value are circumstantial evidence of Defendant's knowledge.

**H.   THE MOTION TO PREVENT A COPY OF THE INDICTMENT FROM GOING INTO THE JURY DELIBERATION ROOM IS SUBMITTED**

While it has long been held that it is not improper for jurors to have a copy of the indictment during their deliberations, see <u>United States v. Steed</u>, 465 F.2d 1320 (9th Cir. 1972), the United States will defer to the normal practice of this Honorable Court.

**I.   THE MOTION TO PRECLUDE EVIDENCE OF MUG SHOT PHOTOS OR DEFENDANT'S APPEARANCE AT THE TIME OF ARREST SHOULD BE DENIED**

It is possible that photos of each defendant may have some relevance depending on the course of the testimony. The United States will make certain that any photographs of either defendant in this case taken in this case do not have a number or anything on them that distinguishes the defendants as being in custody. The United States intends to provide each defendant with a marked copy of exhibits prior to trial. Objections to actual evidence can be raised before the trial begins.

**J.   THE MOTION TO PRODUCE GRAND JURY TRANSCRIPTS MUST BE DENIED**

No percipient witnesses in this case testified before the grand jury, ergo this motion may be denied as moot.

**K.   THE MOTION TO PROVIDE A SEPARATE COPY OF JURY INSTRUCTIONS FOR EACH JUROR DURING DELIBERATIONS IS SUBMITTED**

The United States will defer to the normal practice of this Honorable Court in determining this motion.

### L. THE MOTION TO ALLOW ATTORNEY-CONDUCTED VOIR DIRE SHOULD BE DENIED

While it is in the discretion of the Court to allow attorney-conducted voir dire, United States v. Cutler, 806 F. 933(9th Cir. 1986), there is nothing particularly complex about this case that would require questioning other than that performed by the Court. That being said, should the Court offer the parties the opportunity to conduct voir dire, the United States would request equal time with the defense.

### M. THE UNITED STATES INCORPORATES BY REFERENCE ANY RELEVANT ARGUMENTS MADE IN RESPONSE TO THE CO-DEFENDANT'S MOTIONS IN LIMINE

As some similar arguments have been made by the co-defendant herein, the United States respectfully asks this Court to consider any relevant responses to those arguments in its determinations as to this case.

## IV.

### CONCLUSION

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed.

DATED: September 5, 2008.

        Respectfully submitted,

        KAREN P. HEWITT
        United States Attorney

        s/Anne Perry
        Anne Kristina Perry
        Assistant U.S. Attorney
        anne.perry2@usdoj.gov

```
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR1728IEG |
| Plaintiff, ) | |
| v. ) | |
| ) | CERTIFICATE OF SERVICE |
| JESUS MANUEL PEREZ (1), ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

   I, ANNE PERRY, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

   I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions in Limine on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   **Elizabeth Barros, Esq**.
   Email: elizabeth_barros@fd.org

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on September 5, 2008.

                                        s/Anne Perry
                                        ANNE KRISTINA PERRY