1  **ELIZABETH M. BARROS**
   California Bar No. 227629
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5030
   Telephone: (619) 234-8467 ext. 3701
4

5  Attorneys for Mr. Perez

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                   **(HONORABLE IRMA E. GONZALEZ)**

11 UNITED STATES OF AMERICA,          )    U.S.D.C. No. 08CR1728-IEG
                                      )
12                                    )    Date:  September 15, 2008
                                      )    Time:  2:00 p.m.
13         Plaintiff,                 )
                                      )
14 v.                                 )    DEFENDANT'S RESPONSE AND OPPOSITION
                                      )    TO THE UNITED STATES' MOTIONS IN LIMINE
15                                    )    TO:
                                      )
16 JESUS MANUEL PEREZ,                )    (A)  ADMIT 404(b) EVIDENCE;
                                      )    (B)  PRECLUDE ALL WITNESSES EXCEPT
17                                    )         CASE AGENT;
                                      )    (C)  PROHIBIT REFERENCE TO
18         Defendant.                 )         PUNISHMENT, ETC.;
                                      )    (D)  PRECLUDE SELF-SERVING HEARSAY;
19                                    )    (E)  LIMIT CHARACTER EVIDENCE;
                                      )    (F)  PRECLUDE EVIDENCE OF DURESS
20                                    )         AND NECESSITY;
                                      )    (G)  ADMIT DEMEANOR EVIDENCE;
21                                    )    (H)  ADMIT EXPERT TESTIMONY BY THE
                                      )         UNITED STATES;
22                                    )    (I)  PRECLUDE EXPERT TESTIMONY BY
                                      )         THE DEFENSE; AND
23                                    )    (J)  RENEWED MOTION FOR RECIPROCAL
                                      )         DISCOVERY.
24

25 TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
         ANNE PERRY, ASSISTANT UNITED STATES ATTORNEY:
26

27 / / /

28 / / /

The Defendant, Jesus Manuel Perez, by and through his attorneys, Elizabeth M. Barros, and Federal Defenders of San Diego, Inc., hereby files his Response and Opposition to the United States' Motions In Limine.

This Response and Opposition is based upon the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

## I.

## STATEMENT OF FACTS

Mr. Perez hereby incorporates his previously submitted statements of facts in this case.

## II.

## POINTS AND AUTHORITIES

**A.  THE COURT SHOULD DENY THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE PURSUANT TO RULE 404(B).**

**1.  The Court Should Deny the Government's Request to Admit Evidence Pursuant to Rule 404(b) Because the Government Failed to Give Proper Notice.**

Federal Rule of Evidence 404(b) requires the government to give <u>reasonable notice</u> in advance of trial if it intends to use evidence of a defendant's prior bad acts. <u>See</u> Fed. R. Evid. 404 (b). The government failed to give reasonable notice that it intended to admit evidence pursuant to Rule 404(b).

Mr. Perez was arrested on May 14, 2008. More three months later, the government provided notice by way of its motions in limine that it intends to introduce evidence that Mr. Perez was previously convicted of importation of marijuana. The government's motions indicate that the "activities are close in time, and demonstrate the defendants' knowledge and intent in the instant case."

Not only did the government fail to provide reasonable notice in advance of trial, the content of the notice is also insufficient. The use of evidence pursuant to Rule 404(b) must be narrowly circumscribed and limited and may not be introduced unless the government establishes its relevance to an actual issue in the case. <u>See</u> <u>United States v. Garcia-Orozco</u>, 997 F.2d 1302, 1304 (9th Cir. 1993). In order to demonstrate that evidence of Mr. Perez's prior acts is relevant for Rule 404(b) purposes, the government must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the prior acts

evidence. See United States v. Mayans, 17 F. 3d 1174, 1181. If the government's theory is one of knowledge (the only actual issue in this case), then the government must also prove a logical connection between the knowledge gained as a result of the prior acts and the knowledge at issue in the charged act. Id. at 1181-82. Similarity is necessary to indicate knowledge and intent. Id. at 1182. The government's notice fails to state the logical connection between the knowledge gained as a result of the prior acts and the present charge. Therefore, the Court should exclude any evidence pursuant to Rule 404(b) on grounds of insufficient notice.

**2.  The Court Should Deny the Government's Request to Admit Evidence Pursuant to Rule 404(b) Because The Prior Acts Evidence Does Not Meet the Requisite Standard for Admissibility Under Rule 404(b).**

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(b). In the instant case, the government seeks to introduce evidence of Mr. Perez's prior conviction to prove that he knowingly imported drugs and possessed drugs with intent to distribute in this case. Evidence of other crimes, wrongs, or acts may only be admitted if:

1) The evidence tend to prove a material point at issue;

2) The prior act is not too remote in time;

3) The evidence is sufficient to support a finding that the defendant committed the other act; and

4) The prior act must be sufficiently similar to the offense charged.

See United States v. Garcia-Orozco, 997 F.2d 1302, 1304 (9th Cir. 1993). Furthermore, the Court must also balance the probative value of the evidence against its prejudicial effect.

Mr. Perez's prior arrest is inadmissible under Rule 404(b) because it does not tend to prove a material point at issue, and the prior act is not sufficiently similar to the offense charged.

Evidence that Mr. Perez was the driver of a van which did not belong to him and in which marijuana (not cocaine) was found in the driver's side panel does not tend to show knowledge or intent to import cocaine into the United States two years later, in his own vehicle, and hidden in a different type of compartment. The only possible purpose is to show Mr. Perez's propensity for drug trafficking (i.e. he did before; therefore, he must have done it this time), which is precisely the kind of evidence Rule 404 precludes.

///

///

1  First, the government has not explained precisely the evidential hypothesis by which a fact of consequence may be inferred from the prior acts evidence. Thus, it is impossible to find that the government's reasons are relevant to actual issues in the case as opposed to showing propensity to smuggle drugs.

In <u>United States v. Hernandez-Miranda</u>, 601 F.2d 1104 (9th Cir. 1979) the Ninth Circuit explained that there must be a "logical thread" connecting the prior act with the knowledge at issue in the act charge. There is no such "logical thread" between Mr. Perez's prior conviction and the knowledge at issue in this case. The fact that Mr. Perez may have learned to be wary of driving vehicles which are not registered to him and do not belong to him, does not tend to prove that he knew cocaine would be hidden in his own vehicle. There is simply no logical connection between the knowledge gained as a result of his prior conviction and the knowledge at issue in the charged act. Such evidence would be relevant if Mr. Perez claimed he did not know that it was illegal to transport drugs or if he stated that he did not know that drugs were smuggled in compartments of cars. However, Mr. Perez will not make any such assertion; therefore, evidence of his prior conviction is irrelevant to the issue of knowledge or intent.

Finally, as alluded to above, the prior act at issue here is not sufficiently similar. First, Mr. Perez not the registered owner of the vehicle on the prior occasion. Here, he was the registered owner. On the prior occasion, Mr. Perez was the sole occupant in the van. Here, Mr. Perez was apprehended along with a passenger. <u>See</u> e.g., <u>Garcia-Orozco</u>, 997 F.2d at 1304 (holding that a prior arrest as a passenger in a car with drugs did not establish knowledge or intent for a later charge of driving a car containing drugs). Further, the drugs were not hidden in the same manner on the prior occasion. Finally, the type of drugs involved in the 2006 incident were different. In short, Mr. Perez's prior arrest as the sole occupant of a vehicle that did not belong to him does not establish knowledge or intent for a later charge of smuggling cocaine into the United States, where there is someone else in the vehicle and the vehicle is registered to him.

**B.   THE COURT SHOULD EXCLUDE ALL WITNESSES, INCLUDING THE GOVERNMENT'S CASE AGENT FROM THE COURTROOM.**

The government moves to exclude all witnesses from the courtroom pursuant to Fed. R. Evid. 615, except the case agent. Rule 615 provides that at the request of a party, or on its own motion, "the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . ." Fed. R. Evid. 615

///

(emphasis added). The rule provides an exception, however, for "a person whose presence is shown by a party to be essential to the presentation of the party's cause. . . ." Fed. R. Evid. 615(3).

Aside from making conclusory statements that the case agent "has been critical in moving the investigation forward" and "is considered by the United States to be essential to the presentation," the government has failed to meet its burden of showing why the his presence is essential to the presentation of its cause. Therefore, Mr. Perez requests that all witnesses, including the government's case agent, be excluded so that they cannot hear the testimony of other witnesses. Alternatively, should the Court permit the government's case agent to be present in the courtroom, Mr. Perez requests, in the interest of fairness and to avoid interruptions during trial, that a defense investigator be permitted in the courtroom throughout the trial.

## C. THE COURT SHOULD NOT PROHIBIT REFERENCE TO DEFENDANT'S HEALTH, AGE OR EDUCATION.

The government further moves to preclude evidence of, and argument referring to, Mr. Perez's health, age, finances, education, potential punishment or that the alleged offense is a felony. United States' Motions In Limine at 4-5. While Mr. Perez does not intend to discuss his finances or the potential punishment, his health, age, and education are certainly relevant. The obvious relevance of these factors is bolstered by the fact that they are routinely considered in determining whether, under the totality of the circumstances, a defendant knowingly, intelligently and voluntarily waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966). See e.g. United States v. Frank, 956 F.2d 872 (9th Cir. 1991) ("When considering the totality of the circumstances, relevant factors include 'age, experience, education, background and intelligence. . . .'") (quoting Fare v. Michael C., 442 U.S. 707, 725 (1979)). If such factors are relevant to the question whether a person knowingly waived his or Miranda rights, they are certainly relevant to whether a defendant knowingly committed a crime.

Mr. Perez's health, age and education are relevant to the jury's evaluation of his functioning. They are also basic background facts. A jury cannot be expected to evaluate the evidence and testimony of the witnesses in a vacuum. See e.g., Petris v. Kuykendall, 239 F.3d 1057, 1063 (9th Cir. 2001) (finding constitutional error where trial court precluded petitioner from presenting evidence that would have corroborated her testimony."). In short, information about Mr. Perez's health, age, education will assist the jury in understanding Mr. Perez's actions and state of mind at various critical moments. See Petris, 239 F.3d

at 1063 (finding constitutional error where trial court precluded from testifying fully about her state of mind). Thus, contrary to the government's assertion, such testimony is both admissible and proper. Moreover, the Court will likely instruct the jury "not to be influenced by any personal likes or dislikes, opinions, prejudices or sympathy." Ninth Circuit Model Jury Instruction § 3.1. Therefore, any risk of unfair prejudice will be alleviated by the Court's jury instructions.

Finally, the government moves to exclude any reference to the fact that the crime charged is a "felony". Simply referencing the charge against a defendant is a far cry from commenting on punishment. Our constitution provides greater protections for individuals who are charged and tried for crimes, in particular felonies. Those protections are in place to ensure the integrity of proceedings. While it may not be appropriate in most cases for a jury to be informed of the punishment a defendant will receive, it is appropriate for the jury to understand the importance of their role. Informing the jury that the charge is a felony, without referencing punishment, will ensure that the jury takes it role seriously and applies the law.

**D.    THE COURT SHOULD NOT PRECLUDE SELF-SERVING HEARSAY**.

Pursuant to the Federal Rules of Evidence and the "open door" rationale, this Court should permit Mr. Perez to introduce self-serving hearsay.

Under Rule 106 (i.e. "Rule of Completeness"), if the Court permits the government to introduce a portion of Mr. Perez's statements to the officers, Mr. Perez has the right to elicit the entire statement. See Fed. R. Evid. 106. The purpose of this rule is prevent a party from creating a misleading impression by taking matters out of context. See id., 1972 Advisory Committee Notes. If the government is permitted to introduce only a portion of Mr. Perez's statements, it may create a false impression of the events surrounding his arrest.

Relevant to this Court's decision whether to admit a fuller version of Mr. Perez's statements is "whether (1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence." Id. Allowing the government to selectively choose which portions of Mr. Perez's statements are admissible will mislead the jury. Basic fairness dictates that Mr. Perez be allowed to admit those portions of his statements that will explain and put in context those portions highlighted by the government.

The government cites United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) for the principle that a "[d]efendant cannot attempt to have 'self-serving hearsay' brought before the jury without the benefit

of cross-examination." However, <u>Ortega</u> is not controlling here because it did not deal with statements that were written or recorded. In this case, the agents chose to record Mr. Perez's statements, thus, they fall squarely within the Rule of Completeness. Moreover, in <u>Ortega</u> the Ninth Circuit specifically found that the officer's testimony did not distort the meaning of Ortega's statements because Ortega had already testified to the statements not mentioned by the officer. <u>Id.</u> at 683. Finally, the Ninth Circuit relied on its previous holding in <u>United States v. Collicott</u>, 92 F.3d 973, 983 (9th Cir. 1996). See <u>Ortega</u>, 203 F.3d at 682. In <u>Collicot</u>, the Ninth Circuit expressly stated that despite the fact that Rule 106 is inapplicable to written or recorded statement in textual form, that is not dispositive because "Fed. R. Evid. 611(a) grants district courts the same authority regarding oral statements which [Rule] 106 grants regarding written and recorded statements." <u>Collicot</u>, 92 F.2d at 983, n.12 (citing <u>United States v. Li</u>, 55 F.3d 325, 329 (7th Cir.1995); <u>United States v. Mussaleen</u>, 35 F.3d 692, 696 (2nd Cir.1994)). Moreover, "Rule 106 can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously." <u>United States v. Sutton</u>, 801 F.2d 1346, 1368-69 (D.C. Cir. 1986).

Fed. R. Evid. 403 also states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Introduction of only a portion of Mr. Perez's statements, out of context, would mislead the jury. Therefore, the Court should require the government to introduce the entirety of Mr. Perez's statements, or alternatively, preclude the government from introducing the statements altogether.

Finally, the Court should permit Mr. Perez to introduce self-serving hearsay under the "open door" rationale. The Ninth "Circuit has historically allowed a party to introduce prior statements because they were part of the same conversation or document from which an impeaching inconsistent statements were drawn." <u>Collicott</u>, 92 F.3d at 979-80. Known as "the 'opened door' rationale," this principle allows for admission of statements otherwise inadmissable as hearsay. <u>Id.</u> at 980-81.

If, as anticipated, the government seeks to admit only a portion of Mr. Perez's statements, he must be allowed to introduce the remainder of his statements. Allowing the government to leave an impression that in response to questioning by agents Mr. Perez stated one thing, and one thing only, would mislead the jury. The government should not be allowed to "pick and choose among prior statements to create an appearance

of conflict and then object when this appearance is rebutted by means of a fuller version of the same prior statement." Id. at 980 (quoting United States v. Tarantino, 846 F.2d 1384, 1411 (D.C. Cir. 1988). Furthermore, permitting the government to introduce a portion of Mr. Perez's statements while prohibiting him from introducing the remaining portion, would deprive him of a fair opportunity to defend against the government's accusations, to present a defense, and confront and cross-examine witnesses in violation of the Fifth and Sixth Amendments. See United States v. Benveniste, 564 F.2d 335, 341-42 (9th Cir. 1977) (finding that defendant was deprived of fair opportunity to defend against the crime charged where court precluded defendant from introducing out-of-court statement by third party which contradicted out-of-court statement introduced by government); see also Chambers v. Mississippi, 410 U.S. 284, 302 (1984) (reversing conviction and ordering new trial where defendant was prevented from cross-examining witness called by defense under party-witness rule and was precluded from introducing hearsay evidence that another person confessed to crime under the state's hearsay rule).

### E. THE DEFENSE WILL COMPLY WITH THE RULES OF EVIDENCE WITH RESPECT TO ANY CHARACTER EVIDENCE.

Mr. Perez does not intend to introduce evidence of specific instances of good conduct or his character for "law-abidingness." Any character evidence he offers will comply with the Rules of Evidence.

### F. THE GOVERNMENT'S MOTION TO PRECLUDE EVIDENCE OF DURESS AND NECESSITY IS MOOT.

Mr. Perez does not intend to present a defense of duress or necessity. Therefore, the government's motion is moot.

### G. THE COURT SHOULD NOT ADMIT DEMEANOR EVIDENCE.

Mr. Perez objects to the admission of demeanor evidence and refers the Court to the Defendant's Motions In Limine for briefing on the subject.

### H. THE COURT SHOULD PRECLUDE EXPERT TESTIMONY BY THE UNITED STATES.

The United States moves to admit expert testimony regarding 1) the modus operandi of drug courier, 2) the value of the cocaine, 3) distributable quantities of cocaine, and 4) that the substance seized is cocaine. The Court should preclude the United States from presenting such testimony as the government has failed to comply with Fed. R. Crim. P. 16(a)(G). Pursuant to Rule 16(a)(G), "the government must give to the

defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(G). "The summary provided . . . must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. The government has failed to provide adequate notice with respect to each of its proposed experts. To date, Mr. Perez has not received any notice regarding even the identity of its witnesses, much less a summary of the witnesses' opinions, the bases and reasons for those opinions, or the witnesses's qualifications. Moreover, Mr. Perez objects the proposed testimony regarding the modus operandi of drug couriers and the value of cocaine as irrelevant and overly prejudicial. Fed. R. Evid. 403; 704(b).

     **1.    Modus Operandi of Drug Couriers, Value, Quantity for Distribution**

          **a.    This Testimony Should Be Excluded Under Fed. R. Crim. P. 16(a)(1)(G), Fed. R. Evid. 705, and Jenks**.

The United States provided notice for the first time in its motions in limine that it intends to call an agent with United States Immigration and Customs Enforcement, as an expert in narcotics trafficking to testify regarding "narcotics trafficking, the value of illicit narcotics, and distributable quantities of cocaine." See United States' Motions In Limine at 8-9. The defense has not received any information regarding the identity of this witness, a written summary of the witness's proposed testimony or opinion regarding personal use amounts of controlled substances or the modus operandi of drug couriers. Thus, it goes without saying that Mr. Perez has not received any explanation of the bases and reasons for the unknown expert's unknown and unstated opinions. There is no list of the names of any publications, briefs or memorandums consulted by the unknown witness, nor the names of any individuals who were consulted. Therefore, this Court should exclude the secret witness's secret opinions based on secret materials.

In United States v. Zanfordino, 833 F. Supp. 429, 432 (S.D. N.Y. 1993), the defense requested discovery regarding the basis of the expert's testimony. The district court granted the request, noting that a cross examination conducted without that information implicated due process and the Confrontation Clause. "If an expert is testifying based in part on undisclosed sources of information, cross-examination vouchsafed by that Clause would be unduly restricted." Id. In addition to the constitutional concerns, Zanfordino also

///

///

relied, as does Mr. Perez, on Rule 16, Jencks and Fed. R. Evid. 705. Id. at 432-33.[1] Rule 16 requires disclosure of "the bases and reasons for [the expert's] opinions." Fed. R. Crim. P. 16(a)(1)(G). The Rules of Evidence impose a similar requirement: "[t]he expert may in any event be required to disclose the underlying facts or data on cross-examination." Fed. R. Evid. 705. As the Zanfordino court observed, "delaying such disclosure until [cross examination] would merely prolong the trial." 833 F.Supp. at 433. Information relied upon by an expert is clearly Jencks material, particularly when the information takes the form of reports written or adopted by the expert. See 18 U.S.C. § 3500(a), (e)(1); see also Fed. R. Civ. P. 26(b)(4) (adversary may obtain information to be relied upon by the expert).

Here, the government's has given no expert disclosure. The government must provide, in addition to the names of its witnesses and a general invocation of their experience, the actual sources of information. See Zanfordino, 833 F. Supp. at 432 ("If an expert is testifying based in part on undisclosed sources of information, cross-examination vouchsafed by [the Confrontation] Clause would be unduly restricted."). Mr. Perez's right to confront and cross examine the witnesses, guaranteed by the Sixth Amendment and effectuated by the discovery rules, will not merely be "unduly restricted" absent disclosure of the bases of the opinions, it will be eviscerated. Because trial is fast approaching, and no discovery has been provided, the expert should be excluded.[2]

### b. This Testimony Should Be Excluded Under Fed. R. Evid. 702

Alternatively, the Court should exclude the proposed testimony as unreliable. Rule 702 provides that "a witness qualified as an expert . . . may testify thereto in the form of an opinion or otherwise, if: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

Under Rule 702, the Court's "task" is "to analyze not what the experts say, but what basis they have for saying it." Daubert v. Merrell Dow Pharmaceuticals ("Daubert II"), 43 F.3d 1311, 1316 (9th Cir. 1995.

---

[1] The government may argue that the amount of material it is obligated to produce might be large. Even so, the fact that the material may be voluminous is not a basis for declining to order the necessary disclosure. See United States v. Roark, 924 F.2d 1426, 1430-32 (8th Cir. 1991); United States v. Allen, 798 F.2d 985, 1000 (7th Cir. 1986).

[2] The government must identify when or where any of its proposed experts have testified.

1  The Court's gatekeeping role means that federal judges must satisfy themselves that the evidence meets a
2  certain standard of reliability before it is admitted. Id. "This means that the expert's bald assurance of
3  validity is not enough." Id. Although the proponent of expert testimony may attempt to satisfy its burden of
4  demonstrating the reliability of its experts through the testimony of its own experts, "[f]or such a showing to
5  be sufficient, the experts must explain precisely how they went about reaching their conclusions and point to
6  some objective source-- a learned treatise, the policy statement of a professional association, a published
7  article in a reputable [] journal or the like." Id. at 1319 (citing United States v. Rincon, 28 F.3d 921, 924 (9th
8  Cir.1994) (research must be described in sufficient detail that the district court can determine if the research
9  was valid).

10         Here, the government has not disclosed any facts or data upon which the testimony will be based,
11 such as the reports, briefs, memorandums or the statements of confidential informants (i.e. "snitches") or other
12 agents.  Furthermore, the proposed testimony does not appear to be the product of reliable principles and
13 methods, but rather information provided by snitches, who often have an incentive to fabricate information
14 or provide information regardless of its reliability.  Finally, it is unknown whether the principles and methods
15 were applied reliably to the facts of this case or whether the information is even up to date.

16         In Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 593-594 (1993), the Supreme Court
17 provided a non-exhaustive list of factors the Court should consider in determining whether proposed expert
18 testimony is reliable.  These factors include whether the theory or technique employed by the expert is
19 generally accepted in the community; whether it's been subjected to peer review and publication; whether it
20 can be and has been tested; and whether the known or potential rate of error is acceptable. Id. There is no
21 indication that the technique for determining the value of the cocaine is generally accepted in the community,
22 no indication that it has been subjected to peer review and publication, there is no lawful way for it to be
23 tested by the defense and no information regarding the known or potential rate of error. As in Daubert II, the
24 Court has "been presented with only the experts' qualifications, their conclusions and their assurances of
25 reliability. Under Daubert, that's not enough." Daubert II, 43 F.3d at 1319.
26 / / /
27 / / /
28 / / /

       **c.**       **Testimony Regarding the Value of the Cocaine Should Be Excluded Under Fed. R. Evid. 403.**

Furthermore, the Court should exclude testimony regarding the value of cocaine because it is not more probative than prejudicial. Fed. R. Evid. 403; United States v. Castaneda, 94 F.3d 592, 595 (9th Cir. 1996).

       **d.**       **Admission of Testimony Regarding the Modus Operandi of Drug Couriers is Irrelevant, Inappropriate and Overly Prejudicial In this Case**

In the government's motions in limine, the government proposed introducing expert testimony pursuant to United States v. Murillo, 255 F.3d 1169 (9th Cir. 2001). No authority, including Murillo, 255 F.3d 1169, permits such introduction. First, the facts of Murillo which permitted admission of this testimony, are entirely distinct from the facts of this case. Additionally, this testimony has no possible application to this simple case. Finally, notwithstanding Murillo, a prior en banc decision of this Circuit does not permit admission of this testimony.

### I. The Facts of Murillo Are Distinct From This Case.

Unlike this case, Murillo involved a traffic stop of a repeat courier, traveling as was his custom, in a rental car. Evidence was introduced that Mr. Murillo had rented numerous cars previously to take them on trips similar in length to this trip.[3] 255 F.3d at 1175. The drugs at issue in Murillo were methamphetamine and cocaine in quantities worth nearly a million dollars. Id. Mr. Murillo had consistently presented the defense that he had just rented a car and drove this long distance in a short time to pick up his mother.[4] Id. Finally, Mr. Murillo designated a fingerprint expert pretrial and presented evidence regarding the lack of fingerprints. Id. at 1176.

In stark contrast, Mr. Perez's case mirrors the facts set forth in the Ninth Circuit's previous decision, Vallejo, 237 F.3d 1008, as amended, 241 F.3d 1150, where the defendant is crossing the border and drugs are discovered concealed within the car. In Murillo, this Court specifically recognized the factual differences,

---

[3] These were trips of several days duration and over 1,000 miles in distance. Murillo, 255 F.3d at 1175.

[4] In Murillo, there were two previous trials, thus, the defense strategy was likely well-known to the prosecutor by the third trial. 255 F.3d at

255 F.3d at 1177 ("*Vallejo* presented different facts than the instant case"), especially relying upon Mr. Murillo's introduction of fingerprint evidence to justify admission of the challenged testimony. See id. at 1177 ("We acknowledged the significant import of this factual difference (the fingerprint evidence) in *Vallejo*") (citation omitted). All of these facts, discussed in detail in Murillo, led to admission of the testimony regarding: "the typical travel itineraries of drug couriers, why drug couriers use rental cars, and how drug traffickers do not entrust large quantities of drugs to people who are unaware that they are transporting them." Id. at 1176. In fact, in distinguishing its result from Vallejo, the Murillo Court notes that the factual underpinnings of its case and the evidence admitted limited the "modus operandi" testimony:

> Agent Delaney limited his testimony to the modus operandi of drug couriers. Agent Delaney did not extrapolate the various roles individuals might play in hypothetical drug trafficking organizations, nor did he imply that Murillo participated in a large-scale operation.

Murillo, 255 F.3d at 1176. Again, it was quite clear in Murillo that this testimony was admitted to counter specific defenses, *i.e.* that Murillo had to drive a long distance in a short time to pick up his mother (hence, the testimony about the prior rental cars, and their significance), and his fingerprint defense, which he announced pretrial. Id. Here, in this case, the majority of this testimony has no application -- surely the government does not plan to introduce testimony that everyone who crosses the international border is a drug smuggler nor can they have an expert opine about rental cars since the vehicle at issue in this is not a rental car. Thus, all the prosecutor intends to do is to parse out the testimony introduced in Murillo, separate it from its factual underpinnings, and introduce the one fragment of it which she likes. To permit this would be error. The facts of Murillo are so distinct from this case that they render the testimony introduced there the latter entirely inapplicable here.

        **ii.**    **Admission Of This Testimony Violates Principles Set Forth In Prior Precedents.**

Notwithstanding Murillo, in Vallejo, a case more akin to Mr. Perez's, this Circuit prohibited admission of testimony regarding the structure of drug trafficking organizations to show knowledge it, held that such testimony was impermissible to imply "that [a defendant] knew of the drugs in his car because of his role in that organization," Vallejo, 237 F.3d at 1016, it held that drug trafficking organization and structure

/ / /

1  testimony was not relevant in simple cases and even if remotely relevant, it was overly prejudicial when the
2  central issue was knowledge. Id.

3  Vallejo provided that this drug structure and organization testimony was not only irrelevant to show
4  knowledge in a non-complex case, and even if relevant, its admission was overly prejudicial in such a simple
5  case. See id. at 1015-1016. The testimony admitted in Murillo was considered distinct from that admitted
6  in Vallejo under the theory that it was "modus operandi" testimony. See Murillo, 255 F.3d at 1175-76.
7  Modus operandi is defined as: "[a] method of operating or a manner of procedure . . . a pattern of criminal
8  behavior so distinctive that investigators attribute it to the work of the same person." Black's Law Dictionary,
9  7th ed. (1999). There, the testimony described the use of rental cars, specific travel itineraries, repeat trips
10 as well as the discussion of how no drug trafficker would entrust a large quantity of narcotics to people who
11 are unaware that they are transporting them. In light of the facts of Murillo where there was a rental car, there
12 was a specific itinerary and repeat trips, the testimony fit better within the description of "modus operandi"
13 testimony.

14 In this case, the government apparently will attempt to fit within the Murillo definition of "modus
15 operandi" testimony. However, such proposed "modus operandi" testimony is nothing more than a general
16 conclusion relating to the knowledge of all drug couriers. The Ninth Circuit has already recognized that, at
17 least in simple cases like this one, that is both unrelated and unnecessary. See Vallejo, 237 F.3d at 1016 ("the
18 structure and modus operandi of drug trafficking organizations was not relevant . . . . Nor was it needed to
19 assist the jury's understanding of a complex criminal case") (emphasis added); see also United States v. Lui,
20 941 F.2d 844, 847 (9th Cir. 1991) (describing and condemning drug courier profile evidence); United States
21 v. Beltran-Rios, 878 F.2d 1208, 1210 (9th Cir. 1989) ("Every defendant has a right to be tried based on the
22 evidence against him or her, not on the techniques utilized by law enforcement officials in investigating
23 criminal activity"); see also United States v. Castillo, 924 F.2d 1227, 1234 (2nd Cir. 1991) ("[W]e take
24 serious issue with the Government's use of an expert witness to propound the impermissible theory that
25 appellants' guilt could be inferred from the behavior of unrelated persons"); accord United States v. Cruz, 981
26 F.2d 659, 663 (2d Cir.1992) ("[G]uilt may not be inferred from the conduct of unrelated persons"). Here, the
27 issue in this simple border case is controlled by Vallejo and not by Murillo.
28 ///

### iii. Admission Of This Testimony Violates Rule 704(b).

Even if Murillo could have the broad application urged by the government, an application which should be rejected by this Court) and even if this Court were to ignore the factually similar cases, such as Vallejo, prior more authoritative precedent nevertheless precludes its admission. In United States v. Morales, 108 F.3d 1031, 1037 (9th Cir. 1997), this Circuit, sitting en banc held that Federal Rule of Evidence 704(b) does not permit expert witnesses to comment upon the mental state of a defendant in a criminal case where the mental state constitutes an element of the offense. Id.; Fed. R. Evid. 704(b). To the extent that Murillo suggests otherwise, such suggestion cannot be followed. See 255 F.3d at 1178 (relying upon pre-Morales cases, stating that only "an explicit opinion" of Murillo's state of mind was inadmissible). A panel decision's reliance upon these pre-Morales cases cannot control this issue -- Morales itself expressly addresses the "prohibited 'opinion or inference'" to be drawn which would impermissibly comment upon mental state. Morales, 108 F.3d at 1037. As an en banc decision of this Circuit, Morales cannot be overruled or even limited by a three-judge panel decision such as Murillo. See, e.g., United States v. Caperna, 251 F.3d 827, 831 (9th Cir. 2001) (["T]o the extent *Daas* and the subsequent en banc decision in *Banuelos-Rodriguez* were inconsistent, we, of course, would be bound by the en banc case"); Rand v. Rowland, 154 F.3d 952, 964 (9th Cir.1998) (en banc) (Reinhardt, J., concurring) ("After all, overruling precedent is an important function that is expressly reserved to the en banc court, and a panel is ordinarily not free to do so."); In re the Exxon Valdez, 270 F.3d 1215, 1235 (9th Cir. 2001) ("One three judge panel may reconsider the decision of a prior panel only when 'an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point.'"). Thus, this Court is obligated to follow Morales and Morales does not permit this testimony.

### iv. Admission Of This Testimony Violates Rule 403.

Finally, even if Rule 704(b) could permit the proposed testimony, this Circuit has recently indicated that Rule 403 does not. McGowan, 274 F.3d 1251. In McGowan, it reversed a conviction for the erroneous admission of expert testimony regarding the structure of drug trafficking organizations. The Court distinguished Murillo on two grounds: the fingerprints arguments advanced by the defense and because Murillo did not address an evidentiary challenge under Rule 403. Id. at 1254-1255. Here, Mr. Perez will not

///

raise the lack of fingerprint evidence and he expressly asserts a challenge under Federal Rule of Evidence 403. Thus, this proposed expert testimony pursuant to the decision in Murillo must be excluded.

    **v.** **Admission of Testimony Regarding Modus Operandi of Drug Couriers Violates Due Process.**

The right to a fair trial is a fundamental liberty protected by the Constitution. Estelle v. Williams, 425 U.S. 501, 503 (1976). The presumption of innocence is a basic component of a fair trial, and thus, a requirement of due process. Id.; Bentley v. Crist, 469 F.2d 854, 855 n. 2 (9th Cir. 1972). "To implement the presumption, courts must be alert to factors that may undermine the fairness of the factfinding process. In the administration of criminal justice, court must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt." Id., citing In re Winship, 397 U.S. 358, 364 (1970).

Testimony regarding the absence of unknowing couriers would violate Mr. Perez's due process rights under the Constitution by undermining the presumption of innocence and the fairness of the factfinding process. Therefore, the Court should exclude such evidence.

  **2.** **Forensic Chemist.**

The government has not provided defense counsel with the identity of this proposed expert, much less a written summary of this proposed expert's testimony, the bases and reasons for his opinions or any indication of qualifications. For example, it is unknown what tests were performed and thus, it is impossible for Mr. Perez to know whether the methodology is reliable. Thus, the notice is insufficient and this Court should exclude the government's proposed chemist pursuant to Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702.

  **3.** **This Court Should Conduct A Pre-Trial Hearing To Determine the Admissibility of the Expert Testimony**

Mr. Perez requests a pre-trial hearing under Kumho Tire Company v. Carmichael, 526 U.S. 137 (1999) on the qualifications and relevance of the experts' proposed testimony. There is no doubt that "some of Daubert's questions can help to evaluate the reliability of even experience-based testimony." Kumho, 526 U.S. at 151 (citing Daubert v. Merrel Dow Pharmaceuticals, 509 U.S. 579 (1993)). Moreover, the Ninth Circuit has recognized that Daubert is equally applicable to non-scientific expert testimony, even though the

four Daubert factors need not be present in every case. United States v. Hankey, 203 F.3d 1160, 1168-69 and n.7 (9th Cir. 2000) (citing Skidmore v. Precision Printing and Packaging, Inc., 188 F.3d 606, 618 (5th Cir. 1999)); but see Kumho, 526 U.S. at 159 ("the failure to apply one or another of [the Daubert factors] may be unreasonable, and hence an abuse of discretion") (Scalia, J., concurring). Thus, any suggestion that some standard other than Daubert applies is erroneous.

**I.     THE COURT SHOULD DEFER RULING ON THE ADMISSIBILITY OF EXPERT TESTIMONY BY THE DEFENSE.**

Mr. Perez does not intend to call an expert at this time. However, should the government introduce evidence regarding the modus operandi of drug couriers, it will be necessary to introduce expert testimony to rebut the government's assertion that there is no such thing as unknowing couriers. Furthermore, it should be noted that Mr. Perez's obligation to disclose any experts is not triggered until the government complies with its obligation under Rule 16(a)(1)(G), which, to date, it has not been done. See Fed. R. Crim. P. 16(b)(1)(C)(I).

**J.     UNITED STATES' RENEWED MOTION FOR RECIPROCAL DISCOVERY IS NOT YET RIPE.**

Pursuant to Fed. R. Crim. P. 16 (b)(1), a defendant's obligations regarding discovery are not triggered until the government complies with its discovery obligations. Mr. Perez still has not received any information regarding the government's proposed experts and is lacking significant discovery relating to his 2006 arrest, which the government seeks to admit at trial. Upon the government's compliance with its obligations under Rule 16, Mr. Perez permit the government to inspect and or to copy items within the defendant's possession, custody, or control and items which the defendant intends to use in his case-in-chief at trial.

**III.**

**CONCLUSION**

For the reasons stated above, this Court should deny the United States' motions in limine.

Respectfully submitted,

Dated: September 5, 2006         /s/ Elizabeth M. Barros
                                 **ELIZABETH M. BARROS**
                                 Federal Defenders of San Diego, Inc.
                                 Attorneys for Mr. Perez

1  **ELIZABETH M. BARROS**
   California State Bar No. 227629
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: elizabeth_barros@fd.org

5  Attorneys for Jesus Manuel Perez

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10                 **(HONORABLE IRMA E. GONZALEZ)**

11 | UNITED STATES OF AMERICA,        ) Case No. 08CR1728-IEG-01
                                      )
12 |         Plaintiff,                )
                                      )
13 | v.                                )   **CERTIFICATE OF SERVICE**
                                      )
14 | JESUS MANUEL PEREZ,               )
                                      )
15 |         Defendant.                )
   |_____)

17     Counsel for Defendant certifies that a copy of the foregoing document has been served this day upon:

18                         Jack J. Boltax
              jbefile@gmail.com,jboltaxlaw@gmail.com; and

19                      Anne Kristina Perry
20   Anne.Perry2@usdoj.gov,Cindy.Muncy@usdoj.gov,efile.dkt.gc1@usdoj.gov

21                              Respectfully submitted,

23 DATED:    September 5, 2008        /s/ Elizabeth M. Barros
                                      **ELIZABETH M. BARROS**
24                                    Federal Defenders of San Diego, Inc.
                                      Attorneys for Jesus Manuel Perez